IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM F. BENJAMIN and MARGARET BENJAMIN, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO. 05-0256-P-M |
| ROBERT T. THOMPSON, an individual and MEGA LIFE AND HEALTH INSURANCE COMPANY, ) ) ) ) ) | |
| Defendants. ) | |

ORDER

On September 19, 2005, this court found that non-diverse defendant Robert T. Thompson was not fraudulently joined, and insofar as the parties to this action are not completely diverse, federal subject matter pursuant to 28 U.S.C. § 1332 is lacking (doc.15, p.18-19).  Plaintiffs' Motion to Remand was granted and upon the lapse of the 10-day objection period the Clerk was to effectuate remand.  Id.

Pending before the court is a Motion to Stay Remand Order and Allow Limited Remand Discovery filed by defendant The MEGA Life and Health Insurance Company ("MEGA Life"), within the 10-day objection period, on September 30, 2005 (doc.16).  Plaintiffs filed an Opposition to Motion to Stay (doc.17).   After careful consideration of all relevant matter, MEGA Life's Motion is construed as an objection to remand, and alternatively as a Motion for a stay and limited discovery.

MEGA Life's objection is overruled and the Motion is denied.

MEGA Life requests that the Order of remand be stayed to allow 60 days of remand-related discovery "in order to further demonstrate that, under a summary judgment-like analysis, the plaintiffs have no possibility of recovery against resident defendant Robert Thompson." Id. However, as this court set out in its September 19, 2005 Order,

> ..., "the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties..." Pacheco de Perez, 139 F.3d at 1380 (citations omitted) (emphasis added); see also Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). In Crowe, the Eleventh Circuit cautioned,
>
>> While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b), ..., the jurisdictional inquiry must not subsume substantive determination... Over and over again, we stress that the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.
>
> Crowe, at 1538 (citations and quotation marks omitted); B., Inc. v. Miller Brewing Co., 663 F.2d 545, 548-49 (5th Cir. Unit A 1981).
>
>> In terms of this circuit's law, the main point for us is this one: For... Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: ***after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved."***... Because the procedures are similar while the substantive standards are very different, district courts must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment that come before them.
>>
>> In the remand context, the district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although we have said that

> district courts may look beyond the face of the complaint, we emphasize that the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.
>
> Crowe, at 1541-42 (emphasis added); Wright [v. Metropolitan Life Ins. Co.], 74 F.Supp.2d [1150] at 1153 [(N.D.Ala. (Nov. 23, 1999)) (Thompson, J.).

(doc.15, p.11-12).

Under this standard, and based upon the plaintiffs' pleadings at the time of removal this court found that, under Alabama law, "plaintiffs' reliance on the alleged misrepresentations of defendant Thompson was not necessarily unreasonable and that plaintiffs' fraud claims against defendant Thompson are not necessarily time-barred..." Id., p.18. As cautioned by the Eleventh Circuit, "the jurisdictional inquiry must not subsume substantive determination..." and this court will not "embark[ ] upon a safari in search of a judgment on the merits." Crowe, at 1538.

Accordingly, it is ORDERED that MEGA Life's objection is hereby OVERRULED; MEGA Life's Motion for a stay and limited discovery is DENIED; and that this court's Order of remand STANDS as entered.

The Clerk is directed to effectuate remand, in accordance with this court's Order dated September 19, 2005, forthwith.

DONE this   27th   day of   October  , 2005.

　　　　　　　　　　　　　　　　　　　 /s/ Virgil Pittman
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE